OPINION OF THE COURT
Gerald S. Held, J.
In this medical malpractice suit the attorney for the plaintiff asks for an in limine determination by this court with respect to the application of CPLR 4010. Plaintiff alleges a continuing course of treatment between the years 1973 through and inclusive of the year 1977 with suit commencing in the year 1978. CPLR 4010 became effective July 1, 1975 and states: “In any action for medical malpractice where the plaintiff seeks to recover for the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration by the trier of the facts to establish that any such cost or expense was replaced or indemnified, in whole or in part from any collateral source such as insurance, social security (except those benefits provided under title XVIII of the social security act) workmen’s compensation or employee benefit programs, except such collateral sources entitled by law to liens against any recovery of the plaintiff. Such evidence shall be accorded such weight as the trier of the facts chooses to ascribe to it.”
*216 In 1981 the aforesaid section was amended with the effective date of July 1, 1981. This was a substantive amendment and it in no way abrogated the original 1975 enactment.
The attorney for the plaintiff points out that it is essential to the trial of this case that the court preliminarily determine whether CPLR 4010 shall be applied in whole or in part over the span of years. The attorneys for the plaintiff and the defendant both agree that they can find no decisional law on this question, thus the court must make a determination of the application of the statute based upon the construction of the statute and the legislative intent.
CPLR 4010 is a “special benefit” piece of legislation that was enacted at the behest of the medical profession. The Legislature, in enacting this bill, could have determined within the body of the bill, the date of application and its retroactivity, if any. It did not do so other than deciding its effective date, to wit, July 1, 1975. An effective date is the first day that the law comes into use. Inasmuch as the section as enacted by our Legislature and signed into law by our Governor does not indicate whether it should be applied to causes of action that arose prior to July 1, 1975 and which are tried on or after July 1,1975, the court must strictly construe that it was not the intent of the Legislature to give the defendant in a medical malpractice suit the benefit of this statute applied retroactively. Further, the question arises as to whether or not the defendant would be entitled, within the bounds of this statute, to introduce evidence of collateral source benefits to the plaintiff for the period commencing July 1, 1975. Once again this court holds that if the Legislature had intended that application in a situation such as this where the course of treatment and alleged malpractice (failure to properly diagnose) arose prior to July 1, 1975 and it continued beyond that date then the Legislature could have so stated specifically. It did not do so. The court construes the statute strictly and determines that this statute has no applicability in whole or in part to such a situation as this. The foregoing shall constitute the order of this court.